Good afternoon, your honors. I am Tim Previs, with a short o, and I represent Mr. Sanders and via the rules of standing, also the interests of the two black potential jurors who were kicked off the jury. Perhaps all of you know that the late Chief Justice Rehnquist was a big advocate of oral argument. He wrote law review articles about it, saying it should be emphasized and there shouldn't be so many limits on time. I regret to say that the press of your business, the volume of your cases makes things like that impossible, so that the only real purpose of this and then take all of your questions and answer them as best as I can. The most difficult thing for appellate counsel in a case like this is to convince a court, any court, of facts which the of police actions that are inconsistent and based on race. Could you address our opinion in United States against Carter, which was not a habeas case but a direct appeal in which we rejected a pretty similar Batson claim? I can't, your honor. I regret to say I've not read that One of the things that makes the argument you're making anchored in Strouder difficult to follow is that the US Supreme Court today applies its Batson framework. I think the US Supreme Court thinks of Batson versus Kentucky as the primary case. Hernandez versus New York is in the same line, and your brief doesn't present an argument within the framing of Batson and Hernandez. Yes, your honor, and that is the reason that in my reply brief, I emphasized my citations to Flowers versus Mississippi. The majority opinion written by Justice Kavanaugh goes into a great deal of history about the whole concept of discrimination against minorities and juries, and my... Did Flowers displace Batson and Hernandez as far as the government framework? No, no, what I'm saying is that there's a reason why Justice Kavanaugh went into such detail as about the history of Strouder and the subsequent You're all, I'm sure, familiar with the opinion of, well, nearly all academics. I cited a seminar about that in one of my briefs, the reply brief, and some judges that Batson is a complete failure. Mr. Provis, I think... I'm sorry, Judge Rubner, go ahead. Mr. Provis. Excuse me, your honor, it's Provis with a short O. What? My name is Provis with a short O. Oh, I'm so sorry. It's all right. Mr. Provis, what case clearly establishes that it is unconstitutional to base preemptory strikes on a prospective juror's report of a negative interaction with the police? Because I fear that that's what, you know, you're asking us to do. What case? Well, there is no U.S. Supreme Court case. I cited in my reply brief cases from state courts, and I want to apologize to the court about this. There's a concept now floating around called the dual motivation doctrine, and I did not know when I first, in state court, I didn't know that this concept has been rejected by the Wisconsin Courts of Appeals. I also... Let me take my brief time here to... Mr. Provis, let me, with the time running short, look, maybe I'm thinking about this wrong. The only way that Mr. Sanders can prevail on appeal is if he persuades us that the Wisconsin Court of Appeals, the last court to have considered his Batson challenge on the merits, committed legal error. And that legal error is measured by the standards that Congress supplied in 2254D. It's a federal habeas case. That's the only way. He's got to convince us that there was legal error. I have to convince you. Sorry to interrupt you, Your Honor, but the further on what I believe is the implication of Flowers is that if you read Batson carefully, there are at least three places where it says that Strouder is the established law of the U.S. Supreme Court. Okay, unless and until the U.S. Supreme Court overrules Batson, because we're not in a position to do that. Well, no, I don't. Well, Your Honor, I believe that there is... I am trying to establish, yes, there's no question about it. My brief with respect to Driving While Black is basically a... It's a Brandeis brief, so you have to buy that. It's facts which not enough courts have taken for granted. Here's our case. The preemptory challenges were issued based on responses to questions by four prospective jurors as to their negative experiences with the police. Now, two of them were black, two of them were not black, and federal rule indisputably allows preemptory strikes based on prospective jurors' reports of negative interactions with police. I understand that, Your Honor. And even though, you know, you think that we should reconsider those holdings in light of evidence that police interactions are, and they are, often based on racism, that argument cannot succeed in the context of a habeas action, because it requires a change in the law that we cannot make. Only the Supreme Court can do that. Your Honor, if you all feel that way, I have real no dispute about that. And I will have to go higher with my argument. Before closing, I would like to mention that this dual motivation doctrine, which could save discrimination based on driving while black, as a reason for kicking a juror off, was kicked in the pants by the South Carolina Supreme Court. Page 14 of my brief. Also, the, I do have a Supreme Court hint in, where is this, Perkett. Perkett v. LM was, talked about a situation where, well, let me record from what I wrote here. If I may go briefly beyond my time here. Sure. Um. Yeah, here it is. I'm sorry I took so long. At 514 U.S. 769, the Perkett case said that they weren't striking, they weren't, they were affirming the strike because what was pointed to was not a characteristic that is peculiar to any race. And the cases which, the other cases I cite on the following pages are state cases where they picked up on that and where there were cases where the characteristic that was used by the state was a peculiar one to the particular race. One of those cases was where there was a white juror who was called a redneck by the state DA and the reviewing court in that case found that that couldn't be used despite the fact, despite any other fact. I apologize if I wasted your time and I guess if you have no more questions, I'm done. Our time is never wasted by our lawyers and I thank you. Thank you. Thank you. By the way, I would like to say that I have been at this business for 40 plus years. Do you want to go before the mic so you can be heard? I would like to say that I have been at this business for 40 plus years and I have never seen a bar of judges that were as careful and as well prepared and asked the incisive questions and it was a pleasure to appear before you all. Well, we thank you very much for that kindness. And we really appreciate that. Thank you. Miss, is it Bice or Bice? Bice, Your Honor. May it please the court. I'm Sonia Bice. I am an Assistant Attorney General for the Wisconsin Department of Justice and I represent the respondent in this matter. As this court's questions to Attorney Provost indicates, my point is this is a habeas case. It's in a habeas context and the question on appeal is whether the district court was wrong to deny Mr. Sanders petitioner's petition for habeas relief because, as Judge Scudder said, it was the state court's decision denying him relief was contrary to or an unreasonable application of Supreme Court case law. As counsel conceded, there is not Supreme Court case law that holds that negative experiences by a juror are not race neutral reasons and I believe that that's dispositive of the question. I'm happy to take your questions. I don't want to take more of your time than is necessary. Well, all right. I'll ask you something that although a habeas action with its focus on clearly established law, it is not the proper place to raise this argument. Is it inconsistent with the underlying purpose of the Batson rule to allow peremptory challenges that are based on negative interactions with the police when those very interactions were themselves based on race? Your Honor, I think that's a fair question. I was lucky in this case to be in a habeas context and facing only clearly established federal law as determined by the Supreme Court and so my focus is very narrow. I think that courts will struggle with this in direct appeals, however, and times have changed, the cases that this court addressed in Carter and I think Hinson, Stafford, those are all cases from the 90s. And in those cases on direct appeal, even without the onerous restrictions of habeas, this court held that those kinds of negative interactions with police did constitute race neutral reasons. However, to your point, I do not believe that in any of those cases was racially motivated or allegedly racially motivated negative experiences at issue. So I believe, I think it's a troubling question as was reflected by the state court dissenting judge in this matter. Even he was unable to say that it was contrary to any established law at that point. Well, okay. We thank you very much, Ms. Bice. Thank you, Your Honor. Thank you and thank you to both of you and I hope you have a good trip back. Thank you. Thank you. Thank you. Thank you.